ROBERT T. HASLAM (CA Bar No. 71134)
robert.haslam@hellerehrman.com
ANDREW C. BYRNES (CA Bar No. 191516)
andrew.byrnes@hellerehrman.com
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025
Telephone:   (650) 324-7000
Facsimile:    (650) 324-0638

MICHAEL K. PLIMACK (CA Bar No. 133869)
michael.plimack@hellerehrman.com
DALE A. RICE (CA Bar No. 146249)
dale.rice@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104
Telephone:   (415) 772-6000
Facsimile:    (415) 772-6268

Attorneys for Defendant and Counterclaim-Plaintiff
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

*[Additional attorneys listed on following page]*

FILED
CLERK, U.S. DISTRICT COURT
APR 2 5 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION<br><br>This document relates to:<br><br>CVS Corporation v. Ronald A. Katz Technology Licensing L.P.,<br>       CV-07-3002-RGK (FFM) | Case No. 07-MI-1816-B-RGK (FFM)<br><br>[~~PROPOSED~~] **STIPULATED SUPPLEMENTAL PROTECTIVE ORDER**<br><br>Honorable Frederick F. Mumm<br>Special Master Martin Quinn |
|---|---|

In Re KATZ INTERACTIVE CALL
PROCESSING LITIGATION                    1                    [PROPOSED] AMENDMENT TO
Case No. 07-ML-1816 RGK (FFM)                                  PROTECTIVE ORDER

DAL:702886.3

1 | *[continued from previous page]*

2 | Harvey I. Saferstein (CA Bar No. 49750)
3 | hsaferstein@mintz.com
    Nada I. Shamonki (CA Bar No. 205359)
4 | nshamonki@mintz.com
    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
5 | Century Plaza Towers
    2029 Century Park East, Suite 1370
6 | Los Angeles, CA 90067
7 | Telephone:  (310) 586-3200
    Facsimile:   (310) 586-3202
8

9 | A. Jason Mirabito (*Admitted Pro Hac Vice*)
    jmirabito@mintz.com
10 | Kyle Turley (*Admitted Pro Hac Vice*)
    kturley@mintz.com
11 | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
    One Financial Center
12 | Boston, MA 02111
13 | Telephone:  (617) 542-6000
    Facsimile:   (617) 542-2241
14
   | Attorney for Plaintiff and Counterclaim-Defendant
15 | CVS CAREMARK CORPORATION

16 | RALPH W. TARR (CA Bar No. 072893)
17 | RTarr@andrewskurth.com
    Andrews Kurth LLP
18 | 601 South Figueroa, Suite 3700
    Los Angeles, CA 90017
19 | Telephone:  (213) 896-3100
    Facsimile:   (213) 896-3137
20

21 | Attorney for Third Party
    VERTICAL COMMUNICATIONS, INC.

22

23

24

25

26

27

28 | In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION            2            [PROPOSED] AMENDMENT TO PROTECTIVE ORDER
Case No. 07-ML-1816 RGK (FFM)

DAL:702886.3

The following Amendment to the Protective Order previously entered in the above-captioned action on August 20, 2007, is hereby entered pursuant to Federal Rule of Civil Procedure 26(c)(7). This amendment only applies to *CVS Corporation v. Ronald A. Katz Technology Licensing LP*, No.2:07-CV-03002-RGK-FFM, (hereinafter, the "CVS Lawsuit").

1.  Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Plaintiff" or "Katz") has served a third-party subpoena on Vertical Communications, Inc. ("Vertical"). The subpoena relates solely to information related to CVS Caremark Corporation; CVS/Caremark Corporation and CVS Corporation (collectively, "CVS")[1], and not to claims by or against any other defendant in this proceeding. Vertical timely asserted objections to the subpoena, including objections to the production of trade secret or other confidential research, development or commercial information. Vertical has additionally identified areas in which it asserts that the Protective Order previously entered in this cause does not adequately protect its interests as a third-party. To address Vertical's concerns, the parties to the CVS Lawsuit and Vertical have agreed to the entry of this order, which amends the current Protective Order insofar as it is applicable to the CVS

---

[1] CVS Corporation is now known as CVS Caremark Corporation. The terms "CVS Caremark Corporation; CVS/Caremark Corporation and CVS Corporation" used in the subpoena all refer to the same entity.

Lawsuit. Vertical is relying on the protections afforded by the Protective Order, as amended.

2. This amendment to the Protective Order applies **only to materials produced by Vertical**, which will only be produced to parties in the CVS Lawsuit. For all other materials produced (by any party or nonparty other than Vertical) in the CVS Lawsuit, and for all other actions within the MDL, the original Protective Order applies unamended. With respect to the CVS Lawsuit and materials produced by Vertical, the term "Protective Order" as used in the order previously entered in the MDL action on August 20, 2007, and in the portions of this order amending the order previously entered in the above-captioned action on August 20, 2007, shall be construed to include the original Protective Order, as amended by this amendment. This amendment shall apply only to the CVS Lawsuit.

3. Paragraph 1(d) of the Protective Order is amended to read:

> (d)  Information produced by Vertical is not properly designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY subject to this Protective Order if it: (i) is in the public domain; (ii) becomes part of the public domain by publication or by other means, except an unauthorized act or omission in violation of the Protective Order or other confidentiality obligation; (iii) is supplied to the receiving party by a third party who is under no obligation to maintain such information in confidence; and/or (iv) is or becomes known to the receiving party without any breach of any Protective Order or other confidentiality obligation.

4. Paragraph 3 of the Protective Order is amended to read:

3. Persons Permitted In Depositions in Which Material Produced by Vertical Is Introduced. If during the course of a deposition taken in this action any questions are to be asked or any answers are to be given regarding (a) CONFIDENTIAL material produced by Vertical, then only persons designated in paragraph 8 below (and the deponent's counsel in the case of a separately represented nonparty if such counsel has executed a Notice of Adherence to Protective Order and served a copy of such executed Notice of Adherence on Vertical) shall be allowed to be present during such portion of the deposition; or (b) RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material produced by Vertical, then only persons designated in Paragraph 7 below (and the deponent's counsel in the case of a separately represented nonparty if such counsel has executed a Notice of Adherence to Protective Order and served a copy of such executed Notice of Adherence on Vertical) shall be allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material produced by Vertical to any person to whom disclosure is prohibited under this Protective Order. It shall be the obligation of counsel for Katz to invoke this provision.

5. Paragraph 4 of the Protective Order is amended to read:

4. Designation of Deposition Transcripts in which Vertical Material Is Introduced. With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this action in which materials produced by Vertical are introduced as exhibits, or any questions are to be asked or any answers are to be given regarding materials produced by Vertical, such party, nonparty or

In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION
Case No. 07-ML-1816 RGK (FFM)
5
[PROPOSED] AMENDMENT TO PROTECTIVE ORDER

DAL:702886.3

another party to this suit may at the deposition designate the deposition as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript or may have until fifteen (15) calendar days (or the next following business day in the event the 15th day is not a business day) after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the transcript are designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY. It shall be the obligation of Katz's counsel to provide a copy of the transcript to Vertical. No such deposition transcript shall be disclosed to any person other than those persons who are entitled to have access to such materials pursuant to paragraph 7 or paragraph 8 of the Protective Order and the deponent (and the deponent's counsel in the case of a separately represented nonparty if such counsel has signed a Notice of Adherence to Protective Order and served a copy of such executed Notice of Adherence on Vertical) prior to the expiration of such fifteen (15) day period, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in paragraph 7 or paragraph 8 of the Protective Order prior to the expiration of said fifteen (15) day period. Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY, each party or other recipient shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.

6. Paragraph 5 of the Protective Order is amended to read:

5. **Limits on Use of Materials Designated by Vertical.** All material produced by Vertical and designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY as provided herein shall

not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons who are entitled to have access to such material pursuant to Paragraph 7 or paragraph 8 below, unless and until the restrictions herein are removed by an order of the Court or by written agreement of the parties to the CVS Lawsuit and Vertical. Nothing in this Protective Order shall bar or otherwise restrict a producing party or nonparty from having access to or using, without notification of any other party or nonparty, CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY materials that the producing party or nonparty has produced in this action. With the exception of those persons entitled to have access to CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY materials pursuant to paragraph 7 below, access to such material is limited to the specific underlying member case in which the material was produced, absent agreement of the Producing party or further order of the Court.

7. That portion of paragraph 7 of the Protective Order that precedes the subparts is amended to read:

> 7. Access to RESTRICTED CONFIDENTIAL-OUTSIDE COUNSEL ONLY Materials Designated by Vertical. Access to material designated RESTRICTED CONFIDENTIAL - OUTSIDE COUNSEL ONLY under this Protective Order by Vertical, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

(This amendment does not affect subparts of paragraph 7, except as specifically noted below).

8. Paragraph 7(a) of the Protective Order is amended to read:

(i) outside counsel of record for the parties to the CVS Lawsuit, including the partners, counsel and associates of outside counsel's law firm who assist outside counsel in such matter, and (ii) other outside counsel for the parties to the CVS Lawsuit if such other outside counsel has executed a Notice of Adherence to Protective Order and served a copy of such executed Notice of Adherence on all parties to the CVS Lawsuit and on Vertical.

9. Paragraph 7(c) of the Protective Order is amended to read:

(c) independent copy and litigation support services solely for the purposes of making copies, preparing exhibits or otherwise assisting in the preparation of discovery or trial materials for use in the litigation; provided that, with regard to Vertical material designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY, such person or entities have executed a Notice of Adherence to Protective Order and served a copy of such executed Notice of Adherence on Vertical.

10. Paragraph 7(d)(i)-(iii) of the Protective Order is amended to read:

(i)   Counsel for a party proposing any such expert or consultant shall submit to outside counsel of record for the other parties and to Vertical a copy of a completed Notice of Adherence to Protective Order signed by such expert or consultant, and a current resume or curriculum vitae for such person, which shall disclose any non-confidential employment and/or consultations the expert has had in the preceding four years. To the extent that there is a confidential employment or consultation arrangement, the proposing party shall disclose, to the extent possible without violating any confidentiality obligations, (i) the industry in which the relationship(s) took place, (ii) the general technology involved, (iii) the dates of the relationship(s), (iv) a statement of whether the relationship(s) was with a competitor of any of the

Defendants or Vertical and (v) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s). If any of the information in (i) through (v) above cannot be disclosed because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed. The original of each such Notice shall be maintained by counsel proposing the expert. A party proposing such expert or consultant shall respond no later than 5:00 pm Central time on the next Court day to any reasonable request from Vertical for additional information regarding the employment or consulting relationships or other professional activities of the proposed expert or consultant;

(ii) Unless Vertical notifies the proposing counsel of its objection to any such proposed expert or consultant, and the basis therefore, within two (2) Court days after the receipt of a copy of the Notice referred to in subparagraph (i) above or on the next Court day following receipt of any requested additional information regarding the employment or consulting relationships or other professional activities of the proposed expert or consultant, whichever is later, such expert or consultant shall thereafter be deemed a qualified recipient and entitled to receive the designating party's CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material pursuant to the terms and conditions of the Protective Order;

(iii) Should Vertical timely notify proposing counsel of its objection, the objecting party shall have three (3) Court days from its notice of objection within which to file a motion to preclude the proposed disclosure. Should such a motion be filed, proposing counsel shall not disclose material designated under this Protective Order to such proposed person until the resolution of the motion. Failure to file such a motion shall be deemed a waiver of any objection to the disclosure of information

to the proposed person, subject to the terms of this protective order;

11. Paragraph 7(e) of the Protective Order is amended to read:

> (e) court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they have executed a Notice of Adherence to Protective Order no later than the commencement of the deposition or proceeding and served a copy of such executed Notice of Adherence on Vertical within three (3) days thereafter and provided that they are provided information designated by Vertical as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY only to the extent necessary to perform their duties.

12. All persons who are permitted access pursuant to paragraphs 7(a)(i), (b), (g) or (h) or 8(b) of the Protective Order, as amended hereby, must be instructed that they are bound by the terms of the Protective Order and this amendment, and shall be subject to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and this amendment, and by being permitted such access shall agree, and be deemed to have agreed, to submit to such jurisdiction and waive any challenges to venue or jurisdiction.

13. That portion of paragraph 8 of the Protective Order that precedes the subparts is amended to read:

> 8. Access to CONFIDENTIAL Materials Designated by Vertical. Access to material designated CONFIDENTIAL under this Protective Order by Vertical and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that

contains, reveals or refers to material so designated, shall be limited to the persons and circumstances listed in Paragraph 7 hereof, and additionally:

(This amendment does not affect subparts of paragraph 8, except as specifically noted below).

14. Paragraph 8(c) of the Protective Order is amended to read:

(c) for each party that does not employ in-house counsel, up to two (2) in-house advisors who are directing the litigation for such party, in accordance with the following procedure:

(i) Counsel for such a party shall submit to outside counsel of record for the other parties and to Vertical a copy of a completed Notice of Adherence to Protective Order signed by such in-house advisor. The original of each such Notice shall be maintained by counsel proposing the in-house advisor. A party proposing such in-house advisor shall respond within three (3) Court days to any reasonable request for additional information regarding the employment or other professional activities of the proposed in-house advisor;

(ii) Unless a party or Vertical notifies the proposing counsel of its objection to any such proposed in-house advisor, and the basis therefore, within five (5) Court days after the receipt of a copy of the Notice referred to in subparagraph (i) above, such in-house advisor shall thereafter be deemed a qualified recipient and entitled to receive the designating party's CONFIDENTIAL material pursuant to the terms and conditions of the Protective Order.

(iii) Should the opposing party or Vertical timely notify proposing counsel of its objection, the objecting party or Vertical shall have ten (10) Court days from its notice of objection within which to file a motion to preclude the proposed disclosure. Should such a motion be filed, proposing counsel shall not disclose material designated

In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION
Case No. 07-ML-1816 RGK (FFM)
11
[PROPOSED] AMENDMENT TO PROTECTIVE ORDER

DAL:702886.3

under this Protective Order to such proposed in-house advisor until the resolution of the motion. Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed person, subject to the terms of this Protective Order;

15. Paragraph 10 of the Protective Order is amended to read:

10. Maintenance of Materials Designated by Vertical. Each recipient of material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY by Vertical shall maintain such material in a secure, safe area and shall exercise a commercially reasonable standard of care which shall be at least the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

16. Paragraph 11 of the Protective Order is amended to read:

Use of Materials Designated by Vertical in Future Litigation. Except upon consent of the designating party or upon order of the Court, any and all materials designated by Vertical as CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be used only for preparation and presentation of the CVS Lawsuit and any appeals thereof.

17. Paragraph 13 of the Protective Order is amended to read:

13. Final Disposition of Materials Produced by Vertical. Within sixty (60) days after final termination of the CVS Lawsuit, all materials designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY that have been

In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION
Case No. 07-ML-1816 RGK (FFM)
12
[PROPOSED] AMENDMENT TO PROTECTIVE ORDER

DAL:702886.3

produced, served or otherwise made available by Vertical during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be destroyed or delivered to counsel for Vertical, except that (1) if those CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY materials are the subject of a valid discovery request received in another action prior to the expiration of such sixty (60) day period, then the receiving party may retain those materials until it is determined whether the receiving party will be required to comply with the discovery request.  However, the receiving party shall immediately provide written notice of the request to Vertical, and afford Vertical a reasonable opportunity to oppose such discovery request; will take all necessary and appropriate steps to ensure that Vertical has a full and fair opportunity to oppose such request, including asserting any objections necessary to provide this opportunity to Vertical and to preserve the protections afforded trade secret or other confidential research, development or commercial information and the protections afforded by the Protective Order; will cooperate in Vertical's efforts to oppose such request; and will take no position or action, or omit to take any action, which would prejudice Vertical's ability to take advantage of this opportunity; and (2) outside counsel of record for each party may retain a complete set of their case files for this matter, including all pleadings, depositions, deposition exhibits, expert reports, discovery responses, and correspondence designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY or incorporating information or materials designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY; provided, that this does not authorize the retention of a complete set of CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY materials produced by Vertical.

18. With respect to any person who has signed a Notice of Adherence to Protective Order prior to the date of this amendment and who will receive materials produced by Vertical, the receiving party shall immediately, and in no event later than two (2) Court days after entry of this amendment, provide written notice to such person that the Protective Order expressly provided that it could be changed by further Order of the Court; that the Protective Order has been so changed, as reflected in the Amendment to Protective Order dated _____, 2008 [with the date to be inserted]; and that such person is bound by the Protective Order as originally entered and as amended by the Amendment to Protective Order. The written notice shall enclose a copy of this Amendment to Protective Order, and a copy of each such written notice and the prior Notice of Adherence to Protective Order by such person shall be simultaneously provided to Vertical. (Alternatively, such person can execute a copy of the Notice of Adherence to Protective Order in the form attached hereto as Exhibit A-1, and a copy of same provided to Vertical.)

19. With respect to any person who signs a Notice of Adherence to Protective Order on or after the date of this amendment to whom materials produced by Vertical will be disclosed, the Notice of Adherence shall be in the form attached hereto as Exhibit A-1.

20. The term "Notice of Adherence to Protective Order" as used in the Protective Order or this amendment shall refer to the notice as set forth in paragraphs 18 and 19 above.

21. No subsequent amendment, change, vacation, modification or limitation of the Protective Order or this amendment which would reduce or negatively affect the protection afforded Vertical shall be effective against Vertical unless Vertical is given prior notice of any motion or request for such amendment, change, vacation, modification or limitation, and at least ten (10) Court days to respond to same, and then only upon order of the Court after hearing.

22. No CONFIDENTIAL or RESTRICTED CONFIDENTIAL — OUTSIDE COUNSEL ONLY material produced by Vertical shall be (i) offered or introduced into evidence, or used as a demonstrative exhibit or otherwise displayed, whether at trial, hearing or other proceeding, or (ii) otherwise be made part of the public record unless (a) same is done under seal or (b) Vertical is given at least fifteen (15) Court days advance notice of intent to do so, and an opportunity to object to same, and then only upon order of the Court after hearing. This provision applies to such materials, as well as to questions asked and answers given during testimony, and to arguments or statements of counsel or others during any such proceeding, regarding such materials. In the event of advance notice and hearing, any order entered by the Court may contain appropriate provisions to

1  ensure the continued protection of Vertical's trade secret or other confidential
2  research, development or commercial information.
3
4  IT IS SO ORDERED.
5  Dated: April 25, 2008
6                                                          Magistrate Judge Frederick Mumm
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In Re KATZ INTERACTIVE CALL
PROCESSING LITIGATION                    16                    [PROPOSED] AMENDMENT TO
Case No. 07-ML-1816 RGK (FFM)                                  PROTECTIVE ORDER

DAL:702886.3

# EXHIBIT A-1

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case No. 07-ML-1816 RGK (FFM) |
| This document relates to all actions | NOTICE OF ADHERENCE TO PROTECTIVE ORDER |

I, _____, having been retained as a _____ of _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to confidential informational supplied by other parties and/or non-parties, as defined in the Protective Order dated August 20, 2007, as amended by the Amendment to Protective Order dated April __, 2008 (collectively, "Protective Order").

My address is _____. My present employer is _____. My present occupation or job description is _____. Attached is a copy of my current resume or curriculum vitae [not required for outside counsel].

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

I will return on request all materials containing confidential information, copies thereof and notes that I have prepared relating thereto, to outside counsel of record for the party with whom I am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all obligations to jurisdiction and venue.

Respectfully submitted,

Dated: _____      By:_____